UNITED STATES DISTRICT COURT
SOUTHER DISTRICT OF FLORIDA

CASE NO.: 9:23-cv-80074

MAGDA MENEIDE,

      Plaintiff,

v.

ACN BAROMEDICAL LLC, a Florida
Limited Liability Company, CLAUDE
BAROSY, and individual,

      Defendants.

_____/

## COMPLAINT

The Plaintiff, MAGDA MENEIDE (hereafter "Plaintiff"), by and through her undersigned counsel, hereby files this Complaint against ACN BAROMEDICAL LLC (hereafter "ACN") and CLAUDE BAROSY (hereafter "BAROSY"), and alleges as follows:

## PARTIE, JURISDICTION, & VENUE

1.    This action is brought against the Defendants pursuant to 29 U.S.C. § 201, et seq. (hereafter the "Fair Labor Standards Act" or "FLSA"), as well as common law of the State of Florida.

2.    This Court has jurisdiction of the claims asserted pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3.    Venue is proper in the Southern District of Florida because Plaintiff was employed by Defendants in this district; because Defendants, at all times material hereto, conducted and continue to conduct business within the Southern District of Florida; because the acts that give rise

to Plaintiff's claims occurred within in the Southern District of Florida; and because Defendants are subject to personal jurisdiction within the Southern District of Florida.

4.      Plaintiff is a resident of the Southern District of Florida, over the age of eighteen years, and is otherwise *sui juris*. At all times material to this lawsuit, Plaintiff was employed by the Defendants as an office manager.

5.      Plaintiff was an employee of the Defendants as defined by 29 U.S.C. § 203(e) and was regularly engaged in commerce.

6.      Defendant, ACN, is a Florida Limited Liability Company, with its principal place of business in Palm Beach, Florida. Defendant, ACN, has at all times material hereto, conducted substantial and continuous business within the Southern District of Florida.

7.      At all times material hereto, Defendant, BAROSY, owned and operated ACN, and upon information and belief, is a resident of Palm Beach, Florida. The corporate filing for ACN lists BAROSY as the President of ACN.

8.      Defendant, BAROSY, had operational control of ACN's day to day operations, including employment practices and compensation of employees.

9.      Defendant, BAROSY, was responsible for the supervision and control of Plaintiff and the work Plaintiff was performing.

10.     Defendant, BAROSY, had the authority to hire and fire employees of ACN, set their wages, retain time and / or wage records, and otherwise control the terms of the employment.

11.     Defendant, BAROSY, acted and acts directly in the interests of ACN in relation to its employees and, thus, BAROSY was and is an employer within the meaning of Section 3(d) of the FLSA.

12.     Defendants are employers pursuant to 29 U.S.C. §203(d) and (s)(1).

13.     All conditions precedent to this action have been performed or waived.

## **GENERAL ALLEGATIONS**

14.     Plaintiff worked as an office manager for the Defendants between 2013 and October of 2021.

15.     Plaintiff assisted the Defendants in managing the business of ACN, which is a doctor's office.

16.     Plaintiff consistently worked in excess of forty (40) hours per week within three (3) years of the filing of this Complaint.

17.     Defendants failed to comply with the FLSA in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked in excess of forty (40) in a given workweek.

18.     Plaintiff consistently worked approximately sixty (60) hours per week throughout the approximately 8 years she was employed by the Defendants.

19.     On average, Plaintiff was paid by check in the amount of $500.00 per week.

20.     Plaintiff was never paid overtime.

21.     During the course of her employment with BAROSY and ACN, Plaintiff and BAROSY became romantically involved for a significant period of time, and the two conceived a child together.

22.     For several years of Plaintiff's employment with BAROSY and ACN, BAROSY and ACN withheld a portion of Plaintiff's wages, which were allegedly being put aside, according to BAROSY, to purchase a house for the Plaintiff.

23.     Plaintiff never received any benefit from the funds withheld by BAROSY and ACN.

24.     Plaintiff has retained the services of the undersigned attorneys and is obligated to pay them a reasonable fee for which Defendants are responsible pursuant to the FLSA and §448.08 Florida Statutes.

<u>**COUNT I – VIOLATION OF FLSA (Against all Defendants)**</u>

25.     Plaintiff re-alleges and re-avers paragraphs 1-24 as fully set forth herein.

26.     Plaintiff is an employee as defined by the FLSA because the Defendants controlled Plaintiff's wages, when Plaintiff worked, what work Plaintiff was doing, how Plaintiff was to go about her work, and virtually every other aspect of the business.

27.     Plaintiff worked approximately sixty (60) hours per week in the approximately eight years she was employed by the Defendants.

28.     Pursuant to Section 7 of the FLSA (29 U.S.C. §207), Plaintiff should have been compensated at a rate of one and a half times her regular rate of pay for every hour over forty (40) which she worked in any given workweek.

29.     Defendants' failure to pay Plaintiff overtime throughout the course of her employment is a willful violation of the FLSA (29 U.S.C. §255(a)).

30.     Defendants' repeated and intentional failures to provide required compensation for all hours worked by Plaintiff was not "good faith" as defined by 29 U.S.C. §260.

31.     As a result of Defendants' violations of the FLSA, Plaintiff has been damaged.

WHEREFORE, Plaintiff requests judgment for:

a. Actual damages in the amount shown to be due for unpaid overtime for hours worked in excess of forty (40) weekly;

b. Interest on the amount found due;

c. Liquidated damages pursuant to 29 U.S.C. §260;

d.   Costs associated with this action as well as reasonable attorney's fees incurred pursuant to 29 U.S.C. §216(b); and

e.   Such other relief as this Court deems just and proper.

## COUNT II: UNPAID WAGES (Against all Defendants)

32.   Plaintiff re-alleges and re-avers paragraphs 1-30 as fully set forth herein.

33.   This count for unpaid wages is brought pursuant to Florida common law.

34.   In addition to the unpaid overtime, throughout the course of her employment, Plaintiff never received the full hourly wages she was owed from the Defendants.

35.   The Defendants intentionally withheld portions of her paycheck under the guise that BAROSY would be putting a portion of Plaintiff's paycheck aside for her benefit.

36.   It is anticipated that a judicial accounting will be necessary to determine the total amount of unpaid wages owed to Plaintiff.

WHEREFORE, Plaintiff requests judgment for:

a.   Unpaid wages in an amount to be determined by the Court;

b.   Liquidated damages pursuant to §448.110(6)(c)(1);

c.   Court costs together with a reasonable attorney's fee pursuant to §448.08;

d.   Such other relief as this Court deems just and proper.

## COUNT III - UNJUST ENRICHMENT (Against all Defendants)

37.   Plaintiff re-alleges and re-avers paragraphs 1-24 as fully set forth herein.

38.   From 2013 through October of 2021, Plaintiff performed services for the Defendants as part of an ongoing employment relationship.

39.     Throughout this time, Plaintiff conferred a benefit upon Defendants in that she performed work for the Defendants as an office manager.

40.     The Defendants have knowledge of the benefit conferred by Plaintiff throughout her approximately 8 years of employment.

41.     The Defendants accepted and retained the benefit conferred by Plaintiff, in that they used her services to run a profitable business.

42.     Despite the benefits conferred upon and retained by the Defendants, the Defendants have withheld a portion of Plaintiff's wages.

43.     The circumstances of this case are such that it would be wholly inequitable for the Defendants to retain the benefit conferred by Plaintiff without paying fair value for that benefit.

WHEREFORE, Plaintiff hereby demands judgment for:

a.   Damages;

b.   Pre-judgment interest;

c.   Court Costs; and

d.   Any other such relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, MAGDA MENEIDE, hereby demands a trial by jury on all issues and counts so triable contained herein.

Dated January 17, 2023.

## <u>CERTIFICATE OF SERVICE</u>

WE HEREBY CERTIFY that on January 17, 2023, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF to serve on all parties of record.

**INTERNATIONAL LAW PARTNERS LLP**
2122 Hollywood Blvd.
Hollywood, FL 33020
Telephone: (954) 374-7722
Facsimile: (954) 212-0170

By: ___*/s/YASIR BILLOO*_____

**YASIR BILLOO, Esq.**
Florida Bar No. 718351
ybilloo@ilp.law
**PAXTON P. BAGAN**
Florida Bar No.: 1025808
pbagan@ilp.law
jfernandez@ilp.law