UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-CV-80074-AMC/BER

MAGDA MENEIDE,

                Plaintiff,

vs.

ACN BAROMEDICAL LLC and
CLAUDE BAROSY,

                Defendants.

_____/

## REPORT AND RECOMMENDATION ON MOTION TO DISMISS SECOND AMENDED COMPLAINT [ECF No. 18]

In her Second Amended Complaint (SAC), Magda Meneide sues ACN Baromedical LLC and Claude Barosy for failing to pay overtime and minimum wages, as required by the Fair Labor Standards Act (FLSA), and for unjust enrichment. ECF No. 17.[1] Defendants move to dismiss the SAC for failing to state a claim upon which relief can be granted. ECF No. 18.

Defendants argue that the SAC fails to plausibly allege either enterprise coverage or individual coverage under the FLSA. They further argue that the unjust enrichment claim is preempted by the FLSA, fails to allege sufficient facts to

---

[1] Ms. Meneide's original Complaint (ECF No. 1) was dismissed without prejudice as a shotgun pleading. ECF No. 4. She then filed an Amended Complaint. ECF No. 5. Before either defendant responded, she sought, and was granted, leave to file a Second Amended Complaint. ECF Nos. 13, 15.

plausibly allege a claim against the individual defendant, or that, if the FLSA claims are dismissed, this Court lacks subject matter jurisdiction over the unjust enrichment claim.

In her response, Ms. Meneide agrees that "some of the allegations of the Second Amended Complaint should be amended to properly plead allegations sufficient to support individual and/or enterprise coverage under the FLSA." ECF No. 19 at 3. She argues that she can plead unjust enrichment in the alternative at this stage of the litigation. *Id.* at 3-5. Finally, she alleges that the SAC plausibly alleges unjust enrichment against Dr. Barosy individually on the theory that the benefit she conferred on the corporate defendant passed through to him. *Id.* at 5-6.

In their Reply, Defendants argue that Ms. Meneide's concession that the SAC fails to allege a claim under the FLSA deprives this Court of subject matter jurisdiction to rule on the sufficiency of the unjust enrichment claim. ECF No. 20. For the reasons that follow, I recommend that the Motion to Dismiss (ECF No. 18) be GRANTED IN PART AND DENIED IN PART.

## I. LEGAL PRINCIPLES

### A. *Failure to State a Claim*

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy Rule 8, a claim must provide the defendant fair notice of plaintiff's claim and the grounds upon which it rests. *See Swierkiewicz v. Sorema N.A.,* 534 U. S. 506, 512

(2002). While a claim "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal,* 556 U. S. 662, 678 (2009) (explaining that the Rule 8(a)(2) pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation"). Nor can a claim rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal,* 556 U. S. at 678 (*quoting Twombly,* 550 U. S. at 557 (alteration in original)).

On a motion to dismiss under Rule 12(b)(6), the Court must view the well-pled factual allegations in a claim in the light most favorable to the non-moving party. *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016). Viewed in that manner, the factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the claim are true (even if doubtful in fact). *Twombly*, 550 U. S. at 555 (citations omitted). The Supreme Court has emphasized that "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 570. In addition, "courts may infer from factual allegations in the complaint obvious alternative explanations, which suggest lawful conduct rather than the unlawful conduct that plaintiff would ask the court to infer." *Am. Dental Assoc. v. Cigna Corp.*, 605 F. 3d 1283, 1290 (11th Cir. 2010) (citing *Iqbal,* 556 U. S. at 682). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement

to relief.'" *Iqbal,* 556 U. S. at 678 (quoting *Twombly,* 550 U. S. at 557). When evaluating a motion to dismiss under Rule 12(b)(6):

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal,* 556 U. S. at 679. Factually unsupported allegations based "on information and belief" are not entitled to the assumption of truth. *See Scott v. Experian Info. Sols., Inc.,* 2018 WL 3360754, at *6 (S. D. Fla. June 29, 2018) (J. Altonaga) ("Conclusory allegations made upon information and belief are not entitled to a presumption of truth, and allegations stated upon information and belief that do not contain any factual support fail to meet the *Twombly* standard.").

### B. FLSA

To prove an FLSA violation, the plaintiff must establish (1) she was an employee of the defendant, (2) was engaged in interstate commerce or employed by an enterprise engaged in commerce, and (3) defendant failed to pay wages as required by law. 11th Circuit Pattern Jury Instruction (Civil) 4.14.

### C. *Unjust Enrichment*

Under Florida law, a "claim for unjust enrichment has three elements: (1) the plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained that benefit; and (3) the circumstances are such that it would be inequitable for the defendants to retain it without paying the value thereof." *Virgilio v. Ryland Grp., Inc.,* 680 F.3d 1329, 1337 (11th Cir. 2012) (citations omitted).

II.   DISCUSSION

Ms. Meneide concedes that Counts I and II — the only claims arising under federal law — are legally insufficient. Even if the FLSA claims are legally insufficient, this Court retains discretion to exercise supplemental jurisdiction over the unjust enrichment claim. 28 U.S.C. § 1367(c)(3); *Silas v. Sheriff of Broward Cnty., Fla.*, 55 F.4th 863, 865–66 (11th Cir. 2022). To clarify and narrow the issues, I exercise that jurisdiction to address the sufficiency of Count III.

Defendants argue that Count III for unjust enrichment under Florida law is preempted because it relies on the same facts as the FLSA claims and seeks the same remedy. ECF No. 18 at 9-10; ECF No. 20 at 2. Count III incorporates by reference paragraphs 1-24 as its factual basis. ECF No. 17 at 6. It alleges that Ms. Meneide conferred a benefit on Defendants by providing services through an employment relationship and was not paid her full wages. *Id*. Counts I and II (FLSA) also incorporate paragraphs 1-24 as their factual basis and allege that Ms. Meneide was underpaid for employment services. *Id*. at 4-5.

Ms. Meneide says that Count III is pled in the alternative and cannot be dismissed at the pleading stage. I agree.

The Southern District of Florida is split on the issue of whether a claim for unjust enrichment survives a preemption challenge where it is pled solely as an alternative to the FLSA. *See Altare v. Vertical Reality MFG, Inc.*, No. 19-CV-21496, 2020 WL 209272, at *3 (S.D. Fla. Jan. 14, 2020) (J. Gayles) (citing *e.g.*, *Botting v. Goldstein*, No. 15-CV-62113, 2015 WL 10324134, at *3–4 (S.D. Fla. Dec. 21, 2015)).

5

In *Diaz v. Amezquita,* No. 20-62583-CIV, 2021 WL 2156916, at *5 (S.D. Fla. May 27, 2021), Judge Scola declined to dismiss an unjust enrichment claim as preempted by the FLSA because the unjust enrichment claim did not turn on a violation of the FLSA. In other words, the complaint pled a plausible unjust enrichment claim that was factually and legally sufficient if the FLSA did not apply. I find his logic persuasive. *See also, Scherling v. IP Ecosystems, Inc.,* No. 20-21006-CIV, 2020 WL 13668564, at *3 (S.D. Fla. Sept. 3, 2020) (no preemption where plaintiff was an exempted employee under FLSA); *Altare, supra.*

Here, Defendants argue that the FLSA does not apply because there is no enterprise or individual coverage. If no such coverage exists, the FLSA does not apply as a matter of law. Nevertheless, Count III plausibly pleads all of the elements of an unjust enrichment claim. It alleges Ms. Meneide conferred a benefit on the Defendants by working as their office manager (¶¶ 14-16, 18); (2) the Defendants voluntarily accepted and retained that benefit (¶¶ 14-16, 18); and (3) Defendants did not fully compensate her for the benefit she conferred (¶¶ 22-23). It seeks only unpaid wages, not overtime, and it does not seek a statutory minimum wage. It merely seeks wages commensurate with the benefit conferred on Defendants. As such, Count III states an alternative claim that cannot be said to be preempted by the FLSA, at this stage.

Doctor Barosy argues that Count III fails to state a claim because it fails to plead sufficient facts to pierce the corporate veil. I disagree. The SAC alleges that Ms. Meneide conferred a benefit on "the Defendants." ¶¶ 14, 15. It further alleges that

6

"BAROSY and ACN withheld a portion of Plaintiff's wages" and that "Plaintiff never received any benefit from the funds withheld by BAROSY and ACN." ¶¶ 22, 23. Viewed in the light most favorable to Ms. Meneide, these allegations plead a plausible claim that Dr. Barosy, individually, was unjustly enriched.

## RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that the District Court GRANT the motion to dismiss Counts I and II and DENY the motion to dismiss Count III. ECF No. 18.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 6th day of September 2023.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE