UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80074-CIV-CANNON

**MAGDA MENEIDE**

    *Plaintiff,*

v.

**ACN BAROMEDICAL, LLC,** and
**CLAUDE BAROSY,**

    Defendants.

_____/

## ORDER ACCEPTING IN PART AND REJECTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (the "Motion") [ECF No. 18], filed on March 13, 2023. The Court referred the Motion to Magistrate Judge Bruce E. Reinhart for a report and recommendation [ECF No. 30]. On September 6, 2023, Judge Reinhart issued the instant Report ("Report"), recommending that the Motion be granted as to Counts I and II of the Second Amended Complaint ("SAC") and denied as to Count III [ECF No. 35]. On September 20, 2023, Defendants filed Objections to the Report [ECF No. 39]. Plaintiff did not file objections.

The Court has reviewed the Report [ECF No. 35], Defendants' Objections [ECF No. 39], and the full record. For the reasons set forth below, the Report [ECF No. 35] is **ACCEPTED IN PART AND REJECTED IN PART**; Defendants' Motion to Dismiss is **GRANTED** in accordance with this Order; and Plaintiff is given **one final opportunity** to plead her claims, with

any such pleading due on or before **December 2, 2023**.  **No extensions of this deadline will be granted**.

## RELEVANT BACKGROUND

Plaintiff filed the operative SAC on February 27, 2023, alleging three claims against both Defendants: two violations of the Fair Labor Standards Act ("FLSA") (one for overtime and one for minimum wages ("Counts I" and "Count II")), and one claim for common law unjust enrichment ("Count III"), pled in the alternative as subsequently clarified by Plaintiff [ECF No. 17; ECF No. 19 p. 2].  The crux of Plaintiff's allegations is that, during her time as an employee for both Defendants, Claude Barosy, the owner and operator of co-Defendant ACN Baromedical, LLC (ACN), began a romantic relationship with her and withheld portions of her wages under the guise of purchasing a house for her, but then never purchased the house or returned the withheld wages [ECF No. 17 ¶¶ 14–24].

On March 13, 2023, Defendants filed the instant Motion to Dismiss [ECF No. 18].  On September 6, 2023, following referral, Judge Reinhart issued the Report, recommending that the Court grant Defendants' Motion as to the concededly deficient FLSA claims in Counts I and II and deny the Motion as to Count III (Unjust Enrichment in the Alternative against all Defendants) [ECF No. 35 p. 7].  The Report is ripe for adjudication.

## LEGAL STANDARDS

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made.  *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).  A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify

in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record. *Macort*, 208 F. App'x at 784. Legal conclusions are reviewed de novo, even in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

## DISCUSSION

With respect to the Report's unobjected-to recommendation as to the FLSA claims in Counts I and II, the Court finds the Report to be well-reasoned and accepts its legal analysis. Defendants' Motion is granted as to Count I and Count II for the reasons set forth in the Report, with one final opportunity to replead those claims as indicated below [ECF No. 35 p. 5].

Turning to Defendants' Objections, Defendants take issue with two overall points in the Report: the first concerns the Report's recommendation to permit Count III to proceed as an unjust enrichment claim in the alternative against Barosy individually, and the second concerns whether to permit Plaintiff an additional opportunity to replead or dismiss this case with prejudice [ECF No. 39]. The Court addresses these issues below.

### **Unjust Enrichment Claim Against Barosy Individually (Pled in the Alternative)**

Defendants argue that "Plaintiff's claim for unjust enrichment against Mr. Barosy has no factual support in the Second Amended Complaint" [ECF No. 39 pp. 2–3]. Defendants then claim, secondarily, that even if such allegations are contained within the SAC, Count III still fails as to Barosy under corporate veil principles [ECF No. 39 p. 4; ECF No. 18 pp. 10–12; ECF No. 20 pp. 5–6]. The Court disagrees on the first point but concurs on the second.

Under Florida law, "[a] claim for unjust enrichment has three elements: (1) the plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained that benefit; and (3) the circumstances are such that it would be inequitable for the defendants to retain it without paying the value thereof." *Virgilio v. Ryland Group, Inc.*, 680 F.3d 1329, 1338 (11th Cir. 2012) (*citing Fla. Power Corp. v. City of Winter Park*, 887 So.2d 1237, 1241 n.4 (Fla. 2004)).

Further, while "[i]ndividual officers and agents of a corporation are personally liable where they have committed a tort even if such acts are performed within the scope of their employment or as corporate officers or agents," officers or agents of a corporation may not be held individually liable in contract absent justification for ignoring the corporate form. *See White-Wilson Med. Ctr. v. Dayta Consultants*, Inc., 486 So. 2d 659, 661 (Fla. Dist. Ct. App. 1986). And a claim for unjust enrichment is a quasi-contract claim based in contract. *See generally Glob. Network Mgmt., LTD. v. Centurylink Latin Am. Sols., LLC*, 67 F.4th 1312, 1317 (11th Cir. 2023). "A party seeking to pierce the corporate veil and prove alter ego liability must show both a blurring of corporate lines, such as ignoring corporate formalities or using a corporation for the stockholder's personal interest, and that the stockholder used the corporation for some illegal, fraudulent or other unjust purpose." *Century Sr. Services v. Consumer Health Ben. Ass'n, Inc.*, 770 F. Supp. 2d 1261, 1265 (S.D. Fla. 2011) (citing *Dania Jai–Alai Palace v. Sykes*, 450 So. 2d 1114, 1121 (Fla. 1984)). Florida courts do not "easily disregard" the corporate veil. *See Molinos Valle de Del Cibao, C. por A v. Lama*, 663 F.3d 1330, 1349 (11th Cir. 2011).

In this case, Plaintiff alleges that Barosy engaged in a romantic relationship with Plaintiff and withheld her wages under the guise of saving up for purchasing a house for Plaintiff [ECF No. 17 ¶¶ 21–22]. As the Report correctly concludes, these allegations plausibly satisfy the elements of a claim for unjust enrichment against Barosy (as pled in the alternative to the FLSA

claims): Plaintiff conferred a benefit on Barosy individually, that is, portions of her wages; Barosy voluntarily retained that benefit under the pretense of using the wages to purchase a house; and Barosy never made good on his promise to compensate Plaintiff accordingly, making it inequitable for him to retain the withheld wages [ECF No. 35 p. 7].

Nevertheless, the Court agrees with Barosy that Count III fails as pled against him because Plaintiff's conclusory allegations are insufficient to hold Barosy personally liable in contract for acts performed within the scope of his employment or as a corporate office or agent. As described above, Barosy allegedly withheld wages earned by Plaintiff as an employee of Barosy's LLC under the guise of purchasing a house for Plaintiff, yet Plaintiff never received the promised house or the withheld wages. These allegations, even taken in the light most generous to Plaintiff, do not sufficiently allege that Barosy illegally or unjustly used his LLC to withhold Plaintiff's wages. Conduct that pierces the corporate veil is generally conduct that abuses the special privileges of the corporate form to accomplish an illegal, fraudulent, or otherwise unjust purpose. *See, e.g.*, *Century Sr. Services*, 770 F. Supp. 2d at 1265–1266 (piercing the corporate veil where counter-plaintiff alleged that counter-defendant used a corporate subsidiary to "mislead creditors" and "shield [itself] from liability for conversion and theft."). Here, however, Plaintiff has not alleged that Barosy abused the corporate form or blurred the lines between his identity and that of his LLC so as to support alter ego liability. Instead, the extent of Plaintiff's allegations on this point are that (1) Barosy owned and operated ACN, and (2) "BAROSY and ACN withheld a portion of Plaintiff's wages, which were allegedly being put aside, according to BAROSY, to purchase a house for the Plaintiff." [ECF No. 17 ¶¶ 7, 22]. These allegations are not sufficient to hold a corporation's shareholder personally accountable in contract for the acts performed within the

scope of his employment as a corporate officer absent some alleged reason to disregard the corporate form, which is not present in the SAC.

Dismissal of Count III as to Barosy is thus warranted as well.

**Opportunity to Replead**

Defendants' second objection is that Plaintiff should not be granted further leave to amend her complaint as to the concededly defective FLSA claims in Counts I and II [ECF No. 39 pp. 5–7]. The Report does not specify the with-or-without prejudice nature of its recommendation on these counts [ECF No. 35 p. 7], but the tenor of the Report suggests that it recommends Plaintiff be given an opportunity to replead [*see* ECF No. 19 p. 3]. Although the Court agrees with Defendants that Plaintiff, through counsel, already filed two amended pleadings in this case, and although Plaintiff should have done more in the Opposition to specify what particular coverage allegations she would add if given a chance to replead, the Court elects in this instance to permit Plaintiff **one final opportunity** to replead all of her claims in light of this Order and the full record. **No further opportunities to replead will be granted**.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 35] is **ACCEPTED IN PART AND REJECTED IN PART**.

2. Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint [ECF No. 18], is **GRANTED**.

3. The Second Amended Complaint is **DISMISSED WITHOUT PREJUDICE.**

4. **Plaintiff is given one final opportunity to plead her claims by filing a Third and Final Amended Complaint no later than December 2, 2023**.

CASE NO. 23-80074-CIV-CANNON/Reinhart

**DONE AND ORDERED** in Chambers in Fort Pierce, Florida on November 15, 2023.

*[signature]*

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record